UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>VENUS CONCEPT USA INC., et al.,<br><br>　　　　　Defendants. | Case No. CV 25-11096 FMO (PDx)<br><br>**SCHEDULING AND CASE MANAGEMENT ORDER RE: JURY TRIAL** |

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

**The term "Counsel," as used in this Order, includes parties appearing pro se.**

The court has scheduled the dates set forth on the last two pages of this Order after review of the parties' Joint Rule 26(f) Report.  Therefore, the court deems a Scheduling Conference unnecessary and hereby **vacates** the hearing.  The dates and requirements set forth in this Order are firm.  The court is unlikely to grant continuances, even if stipulated to by the parties, unless the parties establish good cause through a proper showing.

In an effort to comply with Fed. R. Civ. P. 1's mandate "to secure the just, speedy, and inexpensive determination of every action[,]" the court **orders** as follows.

I. COMPLIANCE WITH THIS ORDER, THE LOCAL RULES, AND THE FEDERAL RULES OF CIVIL PROCEDURE.

All parties and their counsel are ordered to become familiar with the Federal Rules of Civil Procedure, the Local Rules of this District, and the court's standing orders. The failure of any party or attorney to comply with the requirements of this Order, the Local Rules, or the Federal Rules of Civil Procedure may result in sanctions being imposed.

II. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS.

Any stipulation or motion to amend to add any claims, defenses, or parties shall be filed by the deadline set forth in the attached schedule, failing which it shall be deemed that the party has waived any such amendments. All defendants not timely served shall be dismissed without prejudice. In addition, all "Doe" defendants are to be identified and named on or before the date set forth below, on which date all remaining "Doe" defendants will be deemed dismissed, unless otherwise ordered by the court.

III. DISCOVERY.

A. Generally.

Counsel are expected to comply with the Federal Rules of Civil Procedure and all Local Rules concerning discovery. The court allows discovery to commence as soon as the first answer or motion to dismiss is filed. The parties should note that absent exceptional circumstances, **discovery shall not be stayed** while any motion is pending, including any motion to dismiss or motion for protective order. Whenever possible, the court expects counsel to resolve discovery disputes among themselves in a courteous, reasonable, and professional manner. The court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (available on the Central District's website under Information for Attorneys > Attorney Admissions).

B. Discovery Cut-Off.

The court has established a cut-off date for discovery, including expert discovery, if applicable. This is not the date by which discovery requests must be served; it is the date by which all discovery, **including hearings on any related motions**, is to be completed. **The parties are directed to conduct any necessary discovery as soon as possible, as the court**

**is not inclined to grant any extensions of the discovery or other case-related deadlines**.

C.   Discovery Motions.

Any motion relating to a deposition or challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained and/or the deposition to be completed before the discovery cut-off if the motion is granted. Given the requirements set forth in the Local Rules (e.g., "meet and confer" and preparation of the Joint Stipulation), any party seeking to file a discovery motion must usually initiate meet and confer discussions at least seven (7) weeks before the discovery cut-off, i.e., by preparing and serving the letter required by Local Rule 37-1.

D.   Expert Discovery.

All disclosures must be made in writing. The parties should begin expert discovery immediately after the initial designation of experts. The final pretrial conference and trial dates will not be continued because expert discovery is not completed. Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

IV.   MOTIONS.

The court has established a cut-off date for the filing and service of motions for the court's law and motion calendar. Counsel should consult the court's Initial Standing Order and related procedures, located on the Central District's website,[1] to determine the court's requirements concerning motions and other matters. Unless otherwise ordered, any motion that is noticed more than 35 days beyond the date the motion is filed may be stricken or advanced to an earlier motion date. If the motion is advanced to an earlier motion date, counsel shall comply with the briefing schedule dictated by the new hearing date. See Local Rules 7-9 & 7-10.

If documentary evidence in support of or in opposition to a motion exceeds 50 pages, the evidence must be separately bound and tabbed and include an index. If such evidence exceeds **300 pages**, the documents shall be placed in a **three-ring binder**, with an index and with each

---

[1] http://www.cacd.uscourts.gov > Judges' Requirements > Judges' Procedures and Schedules > Hon. Fernando M. Olguin (http://www.cacd.uscourts.gov/honorable-fernando-m-olguin).

item of evidence separated by a tab divider on the right side.  In addition, counsel shall provide a flash drive of the documents in a single, OCR-scanned PDF file with each item of evidence separated by labeled bookmarks.  Counsel shall ensure that all documents are legible.  Counsel are strongly encouraged to cite docket numbers (and sub-numbers) when citing to the record.

V. SETTLEMENT.

Pursuant to Local Rule 16-15, the parties must complete a settlement conference.  No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers.  Otherwise, **the parties must, no later than 48 hours after the settlement proceeding is completed, file a Status Report Re: Settlement** in accordance with the requirements set forth on the last two pages of this Order.

VI. TRIAL PREPARATION.

   A. Final Pretrial Conference.

Unless excused for good cause, each party appearing in this action shall be represented at the final pretrial conference by lead trial counsel.  Counsel must be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulations as to undisputed facts, and qualification of experts by admitted resumes.

   B. Pretrial Documents.

The filing schedule for pretrial documents is set forth on the last two pages of this Order.  **Unless otherwise indicated, compliance with Local Rule 16 is required.  The court does not exempt pro se parties from the requirements of this Order or Local Rule 16**.  Carefully prepared memoranda of contentions of fact and law, witness lists, a pretrial exhibit stipulation, and a proposed pretrial conference order shall be submitted in accordance with the Local Rules and the requirements set forth in this Order.  All pretrial document copies shall be delivered to the court "binder-ready" (three-hole punched on the left side, without blue-backs, and stapled only in the top left corner).  Failure to comply with these requirements may result in the imposition of sanctions

as well as the pretrial conference being taken off-calendar or continued.

1. **Witness Lists**.

In addition to the requirements of Local Rule 16-5, the witness lists must include a brief description (one or two paragraphs) of the testimony of each witness.

2. **Pretrial Exhibit Stipulation**.[2]

No later than fourteen (14) days before the deadline set forth below to file the Pretrial Exhibit Stipulation, counsel shall conduct a good faith meet and confer in person to discuss all the trial exhibits and each party's position with respect to the admissibility of each exhibit.

The Pretrial Exhibit Stipulation shall be substantially in the following form:

**Pretrial Exhibit Stipulation**

**Plaintiff(s)'/Defendant(s)' Exhibits**

| Exhibit No. | Description | Stip. to Adm.?[3] | Objection | Response to Objection |
|---|---|---|---|---|

The Pretrial Exhibit Stipulation shall contain each party's numbered list of trial exhibits, with objections, if any, to each exhibit, including the basis of the objection and the offering party's brief response. Each objection must include the grounds for the objection (e.g., a Federal Rule of Evidence) and an explanation of why the disputed exhibit is not admissible. **Do not submit** blanket or boilerplate objections to the opposing party's exhibits. These will be disregarded and overruled. All exhibits to which there is no objection shall be deemed admitted.

The parties shall stipulate to the authenticity and foundation of exhibits whenever possible, and the Pretrial Exhibit Stipulation shall identify any exhibits to which authenticity or foundation have not been stipulated and the specific reasons for the parties' failure to stipulate. Failure to comply with all the requirements relating to the Pretrial Exhibit Stipulation may result or be deemed a waiver of all objections.

---

[2] It is not necessary to file the Joint Exhibit List required by Local Rule 16-6.

[3] The Pretrial Exhibit Stipulation shall indicate in this column whether an exhibit is admitted for identification purposes only.

3. **Proposed Pretrial Conference Order**.

The format of the proposed final pretrial conference order shall conform to the format set forth in Appendix A to the Local Rules. In drafting the proposed pretrial conference order, the parties shall attempt to agree on and set forth as many undisputed facts as possible. The court will usually read the undisputed facts to the jury at the start of trial. A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase the jury's understanding of the case.

4. **Joint Statement of the Case**.

No later than the date set forth below, counsel shall file an objective, non-argumentative statement of the case, which the court shall read to all prospective jurors at the beginning of voir dire. The statement should not exceed one page.

C. Motions in Limine.

Each party is allowed a maximum of five motions in limine, which must be filed no later than the deadline set forth below. In the event a party believes that more than five motions in limine are necessary, the party must obtain leave of the court to file additional motions in limine. The court will not hear or resolve motions in limine that are disguised summary judgment motions.

Before filing any motion in limine, counsel for the parties shall confer in a good-faith effort to eliminate the necessity for the filing of the motion in limine or to eliminate as many of the disputes as possible. Counsel for the moving party shall be responsible for arranging the meet and confer conference. The conference shall take place in person within seven (7) calendar days of service upon opposing counsel of a letter requesting such conference, but in no event later than fourteen (14) days before the deadline for filing motions in limine. Unless counsel agree otherwise, the conference shall take place at the office of counsel for the moving party. The moving party's letter shall: identify the testimony, exhibits, or other specific matters alleged to be admissible or inadmissible; state thoroughly with respect to each such matter the moving party's position, and provide any legal authority which the moving party believes is dispositive; and specify the terms of the order to be sought.

If counsel are unable to resolve their differences, they shall prepare and file a separate,

sequentially numbered joint motion in limine for each issue in dispute. Each joint motion in limine shall consist of one document signed by all counsel. The joint motion in limine shall contain a clear identification of the testimony, exhibits, or other specific matters alleged to be admissible or inadmissible, and a statement of the specific prejudice that the moving party will suffer if the motion is not granted. The identification of the matters in dispute shall be followed by each party's contentions and each party's memorandum of points and authorities. The title page of the joint motion in limine must contain a clear caption identifying the moving party and the nature of the dispute (e.g., "Plaintiff's Motion in Limine No. 1 to Exclude the Testimony of Defendant's Expert") and state the pretrial conference date, hearing date for the motion, and trial date.

Each separately represented party shall be limited to 3000 words, exclusive of tables of contents and authorities.[4] Repetition shall be avoided, and brevity is preferred. Leave for additional space will be given only in extraordinary cases. All substantive material, other than brief argument on tangential issues, shall be in the body of the brief.

The moving party must provide its portion of the joint motion in limine to the nonmoving party, via e-mail, no later than nine (9) days before the deadline set forth below for filing motions in limine. The nonmoving party shall then provide the integrated joint motion in limine, along with any exhibits, to the moving party no later than two (2) days before the filing deadline. The moving party may not make any further revisions to the joint motion in limine other than finalizing it for filing. The moving party shall be responsible for filing the joint motion in limine and preparing and filing any supporting exhibits.

The moving party may file a reply memorandum of points and authorities no later than the deadline set forth below. The reply memorandum shall not exceed 1500 words.

A motion in limine made for the purpose of precluding the mention or display of an inadmissible matter in the presence of the jury shall be accompanied by a declaration that includes the following: (A) a clear identification of the specific matter alleged to be inadmissible; (B) a

---

[4] The moving party shall attach a Local Rule 11-6.2 Certificate of Compliance to the joint motion.

representation to the court that the subject of the motion in limine has been discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted into evidence or that counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence; and (C) a statement of the specific prejudice that will be suffered by the moving party if the motion in limine is not granted.

Any challenge to expert testimony pursuant to <u>Daubert v. Merrell Dow Pharms.</u>, 509 U.S. 579, 113 S.Ct. 2786 (1993), or Federal Rules of Evidence 702-704, must be lodged in the form of a joint motion in limine. The court will decide whether to hold a <u>Daubert</u> hearing after reviewing the briefing.

The mandatory chambers copy of all evidence in support of or in opposition to a motion in limine, including declarations and exhibits to declarations, shall be submitted in a separately bound volume and shall include a Table of Contents. If the supporting evidence exceeds 50 pages, then each copy of the supporting evidence shall be placed in a three-ring binder with each item of evidence separated by a tab divider on the right side, and shall include a label on the spine of the binder identifying its contents.

The court will not consider any motion in limine in the absence of a joint motion or a declaration from counsel for the moving party establishing that opposing counsel: (A) failed to confer in a timely manner; (B) failed to provide the opposing party's portion of the joint motion in a timely manner; or (C) refused to sign and return the joint motion after the opposing party's portion was added.

    D.    <u>Jury Instructions and Verdict Forms</u>.

        1.    No later than thirty-five (35) days before the deadline to file the required jury instructions and verdict forms, the parties shall exchange their respective proposed jury instructions and verdict forms. No later than twenty-eight (28) days before the filing deadline, each party shall serve objections to the other party's instructions and verdict forms. No later than twenty-one (21) days before the deadline to file the required jury instructions and verdict forms, lead counsel for the parties shall meet and confer in person

at an agreed-upon location within the Central District of California and attempt to come to agreement on the proposed jury instructions and verdict forms.

2.   No later than the deadline set forth below, counsel shall submit both general and substantive jury instructions in the form described below.  Counsel must provide the documents described below in WordPerfect or Word format.  The parties should use the most recent version of the Ninth Circuit's Manual of Model Civil Jury Instructions, which is available on the Ninth Circuit's website,[5] for all applicable jury instructions.  If there is no applicable Ninth Circuit model jury instruction, the parties should consult the current edition of O'Malley, et al., Federal Jury Practice and Instructions.  If neither the Ninth Circuit nor O'Malley provides an applicable jury instruction, the parties should consult the model jury instructions published by other Circuit Courts of Appeal.  Where California law applies, counsel should use the current edition of the Judicial Council of California Civil Jury Instructions ("CACI"), which is available on the California Judicial Branch website.[6]  **The parties shall not modify or supplement a model instruction's statement of applicable law** unless absolutely necessary and strongly supported by controlling case law or other persuasive authority.  Each requested instruction shall:  (a) be numbered; (b) be set forth in full; (c) be on a separate page; (d) cite the authority or source of the instruction; (e) cover only one subject or principle of law; and (f) not repeat principles of law contained in any other requested instruction.

The proposed jury instructions shall be submitted as follows:

a.   **Joint Jury Instructions:** Counsel shall file a joint set of jury instructions on which the parties agree.  Model jury instructions should be modified as necessary to fit the facts of the case, i.e., inserting names of defendant(s) or witness(es) to whom an instruction applies.  Where language appears in brackets in the model instruction, counsel shall select the appropriate text and eliminate the

---

[5]  http://www3.ce9.uscourts.gov/jury-instructions/model-civil.

[6]  http://www.courts.ca.gov/partners/317.htm.

9

inapplicable bracketed text. The court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern or model instructions provide a statement of applicable law. If one party fails to comply with the provisions of this section, the other party must file its own set of jury instructions.

    b.    **Disputed Jury Instructions:** Counsel shall file a separate joint set of disputed jury instructions. On a separate page following each disputed jury instruction, the party opposing the instruction shall briefly state the basis for the objection, any authority in support thereof and, if applicable, an alternative instruction. On the following page, the party proposing the disputed instruction shall briefly state its response to the objection, and any authority in support of the instruction. Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction.

    3.    For both the **Joint Jury Instructions** and **Disputed Jury Instructions**, counsel must provide an index of all instructions submitted, which must include the following:

    a.    the number of the instruction;

    b.    the title of the instruction;

    c.    the source of the instruction and any relevant case citations; and

    d.    the page number of the instruction.

For example:

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 8.5.1 | 1 |

<u>Jane Doe v. Venus Concept USA Inc., et al.</u>
Case No. CV 25-11096 FMO (PDx)

## CASE DEADLINES

The court hereby enters the following scheduling order:

1. Any stipulation or motion to amend as to any claims, defenses, and/or parties shall be lodged/filed no later than **April 9, 2026**, failing which it shall be deemed that party's waiver of any such amendments in this action. All "Doe" defendants are to be identified and named on or before **April 9, 2026**, on which date all remaining "Doe" defendants will be deemed dismissed, unless otherwise ordered by the court upon a showing of good cause.

2. All fact discovery shall be completed no later than **July 9, 2026**.

3. All expert discovery shall be completed by **September 24, 2026**. The parties must serve their Initial Expert Witness Disclosures no later than **July 23, 2026**. Rebuttal Expert Witness Disclosures shall be served no later than **August 24, 2026**. The parties should commence expert discovery shortly after the initial designation of experts, because Local Rules 7-3 and 37-1 require ample time to meet and confer and to brief the matters, and because the pretrial conference and trial dates will not be continued because expert discovery is still underway.

4. The parties shall complete their settlement conference before a private mediator ("settlement officer") no later than **July 9, 2026**. Plaintiff's counsel shall contact the settlement officer with enough time so that the settlement conference date is early enough to comply with the settlement completion deadline imposed by this court. After obtaining available dates from the settlement officer, counsel for the parties shall confer and select one of the proposed dates. Plaintiff's counsel shall then advise the settlement officer of the settlement conference date selected by parties. If the case settles, counsel shall file a Notice of Settlement no later than 24 hours after the case is settled, stating when they expect to file their dismissal papers. Otherwise, **the parties must, no later than 48 hours after the settlement conference is completed, file a Status Report Re: Settlement**. The Status Report shall not disclose the parties' settlement positions, <u>i.e.</u>, the terms of any offers or demands. The Status Report shall describe the efforts made by the parties to resolve the dispute informally, <u>i.e.</u>, the occasions and dates when the

parties participated in mediation or settlement conferences. The Status Report shall also include the name of the settlement officer who assisted the parties with their settlement conference.

5. Any motion for summary judgment or other potentially dispositive motion (other than a motion under Rule 12(b)(6)) shall be filed no later than **October 26, 2026**, and noticed for hearing regularly under the Local Rules. Any untimely or non-conforming motion will be denied. *All potentially dispositive motions shall comply with the requirements set forth in the Court's Order Re: Summary Judgment Motions issued contemporaneously with the filing of this Order.* Each party is allowed one potentially dispositive motion.[7]

6. The parties shall file memoranda of contentions of fact and law; witness lists; the Pretrial Exhibit Stipulation; and joint motions in limine no later than **December 11, 2026**.

7. The parties shall lodge their proposed Pretrial Conference Order and file the Joint Jury Instructions; Disputed Jury Instructions; a joint proposed verdict form; a joint statement of the case; proposed additional voir dire questions, if desired; and reply memoranda to motions in limine no later than **December 18, 2026**.

The parties shall also send copies of the proposed Pretrial Conference Order; Joint Jury Instructions; Disputed Jury Instructions; the joint proposed verdict form; the joint statement of the case; and any proposed additional voir dire questions, to the chambers e-mail address (fmo_chambers@cacd.uscourts.gov) in WordPerfect or Word format.

8. The pretrial conference and hearing on motions in limine is scheduled for **January 8, 2027**, at 10:00 a.m.

9. The trial is scheduled to begin on **January 26, 2027**, at 9:00 a.m. On the first day of trial, **counsel must appear at 8:45 a.m.** to discuss preliminary matters with the court.

Dated this 15th day of January, 2026.

/s/
Fernando M. Olguin
United States District Judge

---

[7] A motion filed pursuant to Rule 12(c) more than 21 days after the pleadings are closed will be deemed a dispositive motion.